UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWIN ALEXANDER ROMERO ARMIJO,

    Petitioner,

v.      Case No.: 2:26-cv-00207-SPC-NPM

KRISTI NOEM *et al.*,

    Respondents,

## OPINION AND ORDER

Before the Court are petitioner Edwin Alexander Romero Armijo's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5). For the below reasons, the Court denies the petition.

**A. Background**

Romero Armijo is a native of Honduras. He first entered the United States without inspection on March 11, 2020, was processed for expedited removal, and was returned to Honduras on April 15, 2020. Romero Armijo re-entered the country on April 14, 2022. The Department of Homeland Security ("DHS") reinstated his removal order and released him on interim parole with instructions to report to Immigration and Customs Enforcement ("ICE").

On January 21, 2026, Florida Fish & Wildlife arrested Romero Armijo while he was fishing and turned him over to ICE, who issued a warrant of removal/deportation. He is currently detained at Alligator Alcatraz without

an opportunity to seek release on bond. Romero Armijo argues his detention violates the Fifth Amendment and the Immigration and Nationality Act ("INA"). He seeks immediate release or a bond hearing under 8 U.S.C. § 1226. The respondents argue Romero Armijo is subject to mandatory detention under 8 U.S.C. § 1231 because he is subject to a final order of removal

### B. Jurisdiction

Before addressing the merits of Romero Armijo's claim, the Court must address its jurisdiction. The respondents argue two sections of the INA strip the Court of jurisdiction over this action. They first point to a provision that bars courts from hearing certain claims. It states:

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). This jurisdictional bar is narrow. "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said

to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves."). "When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged." *Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020).

> The respondents also raise the INA's "zipper clause," which states:
>
>> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court should have jurisdiction, by habeas corpus under section 2241 or title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such question of law or fact.

8 U.S.C. § 1252(b)(9). The zipper clause only applies to claims requesting review of a removal order. *See Madu v. U.S. Attorney Gen.*, 470 F.3d 1362, 1365 (11th Cir. 2006) (holding the INA did not divest the district court of jurisdiction over a § 2241 challenge to detention of the petitioner pending deportation).

Romero Armijo does not challenge the commencement of a proceeding, the adjudication of a case, or the execution of his removal order. Nor does he ask the Court to review the removal order. Rather, this action challenges the legal basis of Romero Armijo's detention and thus falls squarely under this

Court's habeas authority. A decision in Romero Armijo's favor would not impair ICE's ability to execute the removal order. The INA does not strip the Court of jurisdiction over this action.

### C. Legality of Detention

The issue presented here is whether Romero Armijo's detention falls under § 1226 or § 1231. § 1226(a) provides noncitizens "may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Noncitizens detained under § 1226(a) are entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). § 1231 governs detention of noncitizens who have been ordered removed. Subsection (a)(2) requires detention of noncitizens during the removal period, which normally begins on the date the removal order becomes administratively final.

According to the evidence before the Court, there are no pending agency proceedings relevant to Romero Armijo's removal. The 2020 expedited removal order—which was reinstated after he re-entered the country—is administratively final and ready to be executed. Because he is subject to a final removal order, Romero Armijo's detention is governed by § 1231. He is not entitled to release, a bond hearing, or any other habeas relief based on the claims asserted in his habeas petition.

Accordingly, it is hereby

**ORDERED:**

Edwin Alexander Romero Armijo Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 26, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record